Filed 8/26/24  P. v. Soto-Enriquez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100295 |
| Plaintiff and Respondent, | (Super. Ct. No. 06F05369) |
| v. | |
| MIGUEL SOTO-ENRIQUEZ, | |
| Defendant and Appellant. | |

Defendant Miguel Soto-Enriquez appeals from a postconviction order dismissing his petition for resentencing pursuant to Penal Code[1] section 1170, subdivision (d). Appointed counsel for defendant asked this court to independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232 (*Delgadillo*) to determine whether there are any arguable issues on appeal.  Defendant has filed a

---

[1]     Further undesignated statutory references are to the Penal Code.

1

supplemental brief arguing his attorney failed to inform him of the need to submit information concerning his remorse and asking for remand to allow the trial court to consider his letter of remorse filed with the trial court after the dismissal of his petition. We have considered defendant's arguments and affirm the trial court's dismissal without prejudice.  (*Id*. at pp. 231-232.)

FACTUAL AND PROCEDURAL BACKGROUND

In April 2008, a jury convicted defendant of committing first degree murder and attempted murder.  The jury also found numerous enhancements true.  In May 2008, the trial court sentenced him to an aggregate prison term of life without the possibility of parole plus 50 years to life plus 17 years.  We upheld this judgment on appeal.  (*People v. Soto-Enriquez* (July 8, 2009, C059155) [nonpub. opn.].)

Defendant was resentenced on June 3, 2016, following a successful petition for writ of habeas corpus, to an aggregate term of 75 years to life plus 17 years.

On September 21, 2022, defendant filed a petition for resentencing pursuant to section 1170.  There is no indication in the record that he was appointed counsel in the trial court to represent him regarding the petition.  On November 9, 2022, the trial court denied his petition because it found it lacked jurisdiction to hear it, and this court reversed for further proceedings in light of the People's concession that defendant was eligible for resentencing under section 1170, subdivision (d).  (*People v. Soto-Enriquez* (Sept. 15, 2023, C097478) [nonpub. opn.].)

Defendant refiled his petition for resentencing pursuant to section 1170 on October 24, 2023.  There is no indication in the record he was appointed counsel in the trial court to represent him regarding the petition.

On December 28, 2023, the trial court issued a written order determining that while defendant met the age requirements and had originally been sentenced to life without the possibility of parole, defendant's petition failed to include information

meeting other statutory requirements for resentencing.**2** The statute directed in these circumstances that " 'the court shall return the petition to the defendant and advise the defendant that the matter cannot be considered without the missing information.' (§ 1170, subd. (d)(3).)" Accordingly, the trial court dismissed defendant's petition without prejudice and directed a copy of his petition be returned to him. Defendant appeals.

## DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232; *People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel and this court of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Delgadillo*, at p. 221.)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases, saying, where a defendant

---

**2**     Specifically, defendant failed to include both "a statement 'describing [his] remorse and work towards rehabilitation' " and "a statement indicating any of the circumstances listed in [section 1170, subdivision (d)(2)](A)-(D) are true."

has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the filing of a supplemental brief alone does not compel the court to "independent[ly] review the entire record to identify unraised issues," although it may exercise its discretion to do so. (*Id*. at p. 232.)

*Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6. (*Delgadillo*, *supra*, 14 Cal.5th at p. 231, fn. 5 ["In this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"].) Although this is not the type of postconviction order at issue here, the same principles may apply, given that this was not defendant's first appeal of right. Following *Delgadillo*'s guidance, we shall consider the arguments defendant raises in his supplemental brief.

Defendant complains his attorney did not tell him of the need to submit a statement regarding his remorse and asks this court to remand for further proceedings so that the trial court may consider his letter of remorse filed with the trial court after dismissal. First, the record does not reflect that defendant was represented by counsel in the trial court, and thus, he does not have an ineffective assistance of counsel claim for a trial court attorney failing to identify the deficiencies in his petition. To the extent defendant is complaining about the representation of his court appointed appellate counsel for his appeal in case No. C097478, he obtained reversal of the trial court's previous denial of his resentencing petition. (*People v. Soto-Enriquez*, *supra*, C097478.) Thus, defendant did not receive ineffective assistance of counsel. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-692 [ineffective assistance of counsel claim requires attorney's deficient performance and prejudice arising from that performance].)

Moreover, defendant's arguments ignore that, in accordance with the procedures outlined in section 1170, subdivision (d)(3), the trial court's dismissal was without prejudice to his filing a new petition for resentencing correcting the omissions identified

4

by the court's December 2023 order.  These omissions included a statement of remorse and a statement indicating that any of the circumstances listed in section 1170, subdivision (d)(2)(A)-(D) were true.  Defendant's petition "cannot be considered without the missing information."  (§ 1170, subd. (d)(3).)  Thus, it is incumbent upon him to refile his petition with the identified missing information as contemplated by the statute.

## DISPOSITION

The trial court's dismissal of defendant's resentencing petition without prejudice is affirmed.


/s/
ROBIE, Acting P. J.



We concur:



/s/
MAURO, J.



/s/ ,
DUARTE J.


5